**Shamsher Singh LUBANA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–71060.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 25, 2008.*

Filed Aug. 28, 2008.

Patrick Ontiveros Cantor, Esquire, Buttar & Cantor, LLP, Tukwila, WA, for Petitioner.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathryn DeAngelis, Julie M. Iversen, Esquire, ANH–Thu P. Mai, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: T.G. NELSON, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM **

Shamsher Singh Lubana, a native and citizen of India, petitions for review of the BIA's decision affirming the IJ's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the BIA's findings regarding changed country conditions for substantial evidence, *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir.2004), and we deny the petition.

Substantial evidence supports the BIA's adoption of the IJ's determination that, even assuming past persecution, changed circumstances in India rebut Lubana's presumed, well-founded fear of future persecution. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003) (where agency rationally construes country

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

report and makes an individualized analysis of petitioner's situation, agency determination will be upheld).

In reaching this conclusion, the IJ analyzed a series of newspaper articles Lubana submitted in support of his application. Based on these documents, as well as Lubana's testimony, the IJ determined that: (1) Lubana claimed he was persecuted because he supported the opponent of Bibi Jagir Kaur in a 2002 election; and (2) Kaur has since been removed from her position as president of the Shiromani Gurdwara Parbandhak Committee on unrelated corruption charges. The IJ also observed that India's Congress party (a member of whom Lubana supported in the 2002 election) prevailed in the 2004 election. This analysis is sufficiently individualized and the ultimate changed-circumstances finding is supported by substantial evidence. *See id.*

Because Lubana failed to demonstrate he was eligible for asylum, it follows that he did not qualify for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, substantial evidence supports the IJ's determination that Lubana is not entitled to CAT protection because he failed to demonstrate that it is more likely than not that he will be tortured if returned to India. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122–23 (9th Cir.2004); 8 C.F.R. § 1208.16(c).

**PETITION FOR REVIEW DENIED.**